The order at special term was made upon a summary application in the action, after judgment. It was a final order, and most clearly affected a substantial right. It cannot be doubted that a final order which gives a party to an action the legal right to demand, and to enforce the collection of, the sum of $20,000, or any other sum of money, which he would not have, otherwise, is a substantial right. *Page 424 
Whether this court has jurisdiction to review the order appealed from, depends entirely, in my judgment, upon the question whether the supreme court at general term should have reviewed the order of the special term on the appeal taken, instead of dismissing such appeal. If it should, a substantial legal right has been affected; and the fact that the original order was made in a summary application after judgment, places the jurisdiction of this court to review the order in question beyond all doubt. This question is not in the least affected by the circumstance that the right to make the summary application for the order after judgment was secured to, or conferred upon, the defendant by the written stipulation of the plaintiff's attorney; nor by the terms of the stipulation, that after the decision of the action by the court of appeals the prevailing party on such appeal might apply to the supreme court for a further allowance, "with the same effect as if the application for such further allowance were made immediately after the trial of said action, in the supreme court." It is quite immaterial how, or by what means, the defendant acquired the legal right to make his application in the action after judgment, instead of making it before judgment. It is enough that he had the legal right, and exercised it. The law then conferred upon this court jurisdiction to review the order upon appeal, and the parties could not, by the terms of their stipulation, deprive it of such jurisdiction. Parties cannot, by stipulation, limit or take away jurisdiction from a court, any more than they can confer it. The terms "with the same effect," contained in the stipulation, were doubtless intended by the parties to apply only to the validity of the order, which might be made upon the application provided for, and not at all to the jurisdiction of any court to review it on appeal. At any rate, they can have no other legal operation. The stipulation did not, however, and could not, notwithstanding these terms, secure to the defendant the same rights in respect to the *Page 425 
further allowance when made, that it would have had, had the application been made before judgment. Had it been made before judgment, the further allowance would have entered into the judgment and formed part of it. Now it is no part of the judgment, but stands as a legal claim against the plaintiff, and depends upon the validity of the order alone.
We come, then, to the question whether the supreme court at general term should have entertained the question upon the appeal, and determined the matter involved in the appeal upon its merits. I am clearly of the opinion that it should. That the right involved in the allowance, if it be a legal right, is a substantial one, has been already sufficiently shown.
The only question which remains to be considered, therefore, is, whether the amount of a further allowance within the statutory limit, where it has been determined that a further allowance is proper, rests in the mere arbitrary discretion of the judge, or whether such amount depends upon and is to be governed by some rule or principle of law. I have no doubt that it is strictly a matter of law when the judge making the allowance undertakes to give to the prevailing party any sum beyond what is necessary to indemnify such party for his expenses in the action, upon the facts appearing on the application. The code, § 303, abrogated all the former rules and provisions of law on the subject of costs in actions, and provided that the prevailing party should have certain sums which are specified and fixed, "by way of indemnity for his expenses in the action," and which are termed costs, in the act. It is then provided by § 309 of the code, that in difficult and extraordinary cases, with certain specified exceptions, where a trial has been had, "the court may in its discretion make a further allowance to any party not exceeding five per cent upon the recovery or claim or subject matter involved."
The object of this provision plainly was not to give *Page 426 
exemplary damages or smart money by way of punishment to a party for bringing a difficult or extraordinary action which he should be unable to maintain, nor to enable the prevailing party to make anything in the way of gain or profit over and above the expenses for maintaining or defending such an action. This cannot be claimed with any show of reason. The object and intention, manifestly, were to enable the prevailing party to obtain indemnity for his expenses in actions of this kind, which would not be covered by the ordinary allowance prescribed for all actions. And any allowance beyond what was necessary to indemnify for the actual expenses of the action would be as unauthorized and illegal as the allowance of an improper item in a bill of costs upon taxation; and the right to redress would be just as clear and certain in the one case as in the other. Such being the nature and character of this further allowance, it is plain that the party against whom the allowance is made has the right of appeal from the order, whenever the question is fairly raised whether the limit of indemnity for expenses of the action has not been transcended, in view of the facts before the court upon which the allowance is made. And I am clearly of the opinion that no such allowance can be rightfully made in any case without proof, showing the necessity of further indemnity, for the expenses of the action, and the amount of the expense incurred for which indemnity is thus sought. Most certainly this should be required where the application is made before a judge who did not try the action. The order cannot properly be made and the amount fixed upon mere speculation or conjecture, but must be based upon due proof showing the action to be a proper one for such an allowance, and the necessity of further allowance for the purpose of indemnity for expenses actually incurred, and which are the proper subject of compensation by the rules of law. It is conceded by the plaintiff's counsel, that the action was sufficiently difficult and extraordinary *Page 427 
in its character to justify the further allowance of some amount by way of indemnity, but it is insisted that the evidence before the court did not justify the allowance of this extraordinary and unprecedented sum.
On the other hand, it is claimed, in behalf of the defendant, that the amount within the statute limit of five per cent on the amount claimed, or subject matter involved is matter of pure and unmixed discretion in the judge by whom the amount is fixed, without reference to any fact or circumstance other than that of the difficult or extraordinary character of the action; and that had the judge in this case granted an allowance of $250,000, or even $500,000, no appellate court could have interfered in any way, and the allowance would have stood a perfectly legal and valid claim capable of being enforced against the plaintiffs. This would certainly follow, if the amount within the limit of the statute is a matter of discretion simply on the part of the judge, and does not depend upon any legal principle or rule; which I have endeavored to show is not the case.
It is true that the language of the section is, that "the court may also, in its discretion, make a further allowance." But this manifestly does not mean a mere arbitrary unregulated discretion, but a judicial discretion to be exercised upon certain conditions, and in reference only to certain definite ends. It can be exercised only in a certain class of cases; it cannot exceed a certain percentage, whether full indemnity for the expenses of the action is thereby secured or not; and must, as we have seen, be confined to indemnity — for the expenses, contemplated by the section, alone. If it is attempted to be exercised in an ordinary action in no respect difficult; or if the prescribed percentage is exceeded, or the allowance exceeds a just measure of indemnity according to the proofs, it is exercised in violation of a legal right, and an appeal lies the same as for any other error of law.
It is not necessary for this court to determine that the *Page 428 
general term should have reversed the order of the special term, but only that the order was appealable, and the appeal should have been entertained, and the matter involved in it there passed upon. But as the whole case is before us, we may and ought, I think, to determine what items of expense may be properly included in such an allowance. The amount allowed is altogether unprecedented, equal to the salary of the learned judge who granted the order, for his official services for over five years and a half, and leads almost irresistibly to the inference that some item of expense must have been included, which the law does not authorize and will not justify. It was held by this court inWolfe v. Van Nostrand (2 Comst. 570), that this further allowance under § 309 was, by way of indemnity, for the expense of the trial in the court of original jurisdiction, and not in the appellate court. That decision was, I think, clearly correct, and in strict accordance with the design of the statute, and the uniform practice of the courts. The allowance can only be made where a trial has been had, even in difficult and extraordinary actions, and the practice is to make the motion for it immediately after the trial, without reference to future proceedings by the other party, and to have the sum inserted in the judgment, with the other costs.
It is obvious in the present case, looking at the notice of the motion, the several affidavits used, and the opinion of the learned judge who made the order, that the allowance was made in reference to the entire proceedings in the action throughout, from its commencement to its final determination in the court of appeals. And besides, the papers fail to show that this extraordinary amount of expense has been either paid or incurred by the defendant. The allowance is by way of indemnity for actual expenses in the action necessarily, or at least reasonably,
incurred, over and above the amount covered by the allowances fixed in the statute, and not for speculative or extravagant charges *Page 429 
because they are made, even if submitted to by the party prevailing. It should be shown not only what the expenses are for which the further allowance is claimed, but also that they have been necessarily, reasonably, and fairly incurred in reference to the trial.
In this view it is quite clear that the appeal to the general term was properly taken, and should have been there entertained, and the merits passed upon. The order of dismissal should, therefore, be reversed.